The order below is hereby signed.

Signed: August 13 2021



*Elizabeth L. Gunn*
U.S. Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF COLUMBIA

| In re: | Case No. 21-00180-ELG |
|---|---|
| **Robert Lee James, Jr.,** Debtor. | Chapter 13 |

### ORDER DISMISSING CASE

A petition commencing the above-captioned bankruptcy case was filed on July 6, 2021 by Robert Lee James, Jr. (the "**Debtor**"). This case is the Debtor's fourth bankruptcy case filed *pro se* since 2019, each of which was dismissed without confirmation of a chapter 13 plan. On July 7, 2021, the Clerk of Court issued Orders to the Debtor regarding missing documents and notices of deficient filings each with a cure date of July 14, 2021. The Debtor failed to cure his deficiencies, and on July 19, 2021 the Court entered its *Order to File Required Documents and to Show Cause Why This Case Should Not Be Dismissed with Prejudice* (ECF No. 22) (the "**Show Cause Order**").

On July 26, 2021, the chapter 13 trustee filed a Response to the Show Cause Order, which for the first-time disclosed to the Court that in January 2020 the District of Columbia Superior Court (the "**Superior Court**") appointed Causton Toney, Esq. as conservator for the Debtor (the "**Conservator**"). Under the Letters of Conservatorship appointing the Conservator and § 21-2066

1

of the District of Columbia Code, upon appointment of the Conservator, title to all property of the Debtor vested in the Conservator as trustee. (ECF No. 30, Exhibit A, p. 2).

On July 28, 2021, the Court held a hearing on the Show Cause Order at which the *pro se* Debtor, the Conservator, and the chapter 13 trustee appeared. As an officer of the Court, the Conservator presented further details and information to the Court regarding the scope and status of his role as conservator including his efforts to craft and obtain approval of a debt repayment plan for the Debtor in March 2021. Further, the Conservator advised the Court that his role was recently expanded to serve as legal guardian of the Debtor with authority to make health care, living, and similar decisions. Due to the conservatorship, an injunction is in place which prohibits creditors from taking actions to collect from the Debtor while the Conservator completes the financial repayment plan. The Conservator argued that due to the approved repayment plan, the injunction, and his control of the Debtor's assets, there would be no benefit to the Debtor from this case proceeding, and it should be dismissed. The Debtor's responsive arguments did not address the merits of the Show Cause Order, the veracity of the Conservator's representations, whether this case should be dismissed, or any issues properly before this Court. Instead, the Debtor's argument centered on his objections to and dissatisfaction with the Superior Court's orders, the existence of the Conservator, and the actions of the Conservator – issues over which this Court has no jurisdiction and will not consider.[1]

Upon the request of a party in interest, the Court may dismiss a case under chapter 13, for cause, if it is in the best interest of creditors and the estate. *See* 11 U.S.C. § 1307(c). Section

---

[1] This case raises the issue of whether the Debtor – a legally protected individual under the conservatorship and guardianship orders of the Superior Court – had the legal capacity to file the current bankruptcy petition. However, because the Court finds that cause exists to dismiss this case under § 1307(c) of the Bankruptcy Code, the Court does not have to reach the issue of the Debtor's authority to file the petition.

2

1307(c) of the Bankruptcy Code[2] enumerates specific situations that constitute sufficient cause for dismissal of a Chapter 13 case, but the list is not exhaustive. *Marrama v. Citizens Bank*, 549 U.S. 365, 373 (2007) ("§ 1307(c) provides that a Chapter 13 proceeding may be either dismissed or converted to a Chapter 7 proceeding 'for cause' and includes a nonexclusive list of 10 causes justifying that relief."). A court of competent jurisdiction, after a hearing on the merits, ordered that the appointment of a conservator over the Debtor's assets and a guardian of the Debtor's interests was necessary and in the best interests of the Debtor and his creditors. The Conservator has been in place in some capacity for over 19 months and a financial repayment plan including the liquidation and distribution of the Debtor's assets was approved in March 2021. Upon completion of the repayment plan, the Debtor's debts will be paid, and any remaining assets will go toward the long-term care and benefit of the Debtor.

There is no evidence that a chapter 13 case would be any benefit to the Debtor, his creditors, or his estate given that his debts will be paid through the conservatorship proceeding. All the assets and income of the Debtor are vested in, and/or under the control of the Conservator – there are no assets with which the Debtor could propose or fund a chapter 13 plan of reorganization. Thus, other than the Debtor's desire to have this Court in some way review the existing Superior Court orders, which the Court cannot do under the *Rooker-Feldman* doctrine,[3] there is no benefit to the

---

[2] Section references herein shall be to the Bankruptcy Code, unless otherwise indicated.

[3] In *D.C. Healthcare Sys. v. District of Columbia*, the District of Columbia Court of Appeals held:

> The Supreme Court has explained that the purpose of the *Rooker-Feldman* doctrine is to effectuate 28 U.S.C. § 1257, which "'vests authority to review a state court's judgment solely in [the Supreme] Court.'" *Skinner v. Switzer*, 562 U.S. 521, 532 (2011) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005). As a consequence, "District Courts lack[] subject-matter jurisdiction over" a federal claim that seeks to review such a judgment. *Id.* at 531. The Supreme Court has repeatedly described the *Rooker-Feldman* doctrine as a "'narrow'" one. *Id.* at 532 (quoting *Exxon Mobil*, 544 U.S. at 284). Indeed, the Court has found it applicable only twice: in the two cases that form its name, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

925 F.3d 481, 486 (2019).

Debtor or creditors, nor ability of the Debtor to proceed in chapter 13. For these reasons, the Court finds that cause exists to dismiss this case under § 1307(c). Alternatively, even if cause did not exist to dismiss this case under § 1307(c), the Court would voluntarily abstain under 28 U.S.C. § 1334(c) and dismiss this case in comity and respect of the Superior Court conservatorship process.

Therefore, for the reasons stated herein, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that

1) The Debtor's case is **DISMISSED**.

[Signed and dated above.]

Copies to: Debtor; Causton Toney; all creditors.